# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DASHAUN WRIGHT,

    Petitioner,

vs.

RENEE BAKER, et al.,

    Respondents.

Case No. 3:15-cv-00426-RCJ-WGC

**ORDER**

    The court directed petitioner to show cause why the court should not dismiss this action as untimely. Order (ECF No. 5). Petitioner has filed a motion for tolling and actual innocence (ECF No. 8). Petitioner argues that he is actually innocent. Petitioner is in custody pursuant to a Massachusetts court's judgment of conviction. This court does not have the Massachusetts court's record, and it probably would be very difficult for this court to obtain that record. Respondents note that a change of venue to the United States District Court for the District of Massachusetts probably would be appropriate. Motion for Enlargement of Time, at 2 n.1 (ECF No. 11). The court is inclined to agree, but the court wants full briefing and an opportunity for petitioner to respond. The court will direct respondents to file a response to the petition. If they wish, they may move for a change of venue without raising other procedural defenses.

    Petitioner has filed a motion for appointment of counsel (ECF No. 4). Given that a change of venue is likely, the court will deny the motion. If the court determines that a change of venue is not appropriate, then petitioner may renew his motion.

Petitioner has filed a request for scheme operation to be investigated and rectified and sanction imposed on all involved parties (ECF No. 10).  He argues that a widespread conspiracy among employees of Massachusetts and Nevada, inmates, family, and friends exists.  The conspiracy keeps him from retaining legal counsel, and it is using petitioner's funds to conduct some unspecified business.  Thee allegations are beyond the scope of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which is limited only to claims that custody pursuant to a judgment of conviction of a state court is in violation of the Constitution or laws of the United States.

Respondents have filed a motion for enlargement of time (ECF No. 11).  Respondents ask to not be required to respond to petitioner's motions unless and until the court directs a response to the petition.  The motion is moot because the court is disposing of petitioner's motions in this order.

IT IS THEREFORE ORDERED that petitioner's motion for appointment of counsel (ECF No. 4) is **DENIED**.

IT IS FURTHER ORDERED that petitioner's request for scheme operation to be investigated and rectified and sanction imposed on all involved parties (ECF No. 10) is **DENIED**.

IT IS FURTHER ORDERED that petitioner's motion for tolling and actual innocence (ECF No. 8) is **GRANTED**.

IT IS FURTHER ORDERED that respondents' motion for enlargement of time (ECF No. 11) is **DENIED** as moot.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date on which the petition was served to answer or otherwise respond to the petition.  If respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.  If respondents file a motion, then the briefing schedule of Local Rule LR 7-2 shall apply.

IT IS FURTHER ORDERED that any exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter.  The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in

the attachment. The hard copy of any additional state court record exhibits shall be forwarded—for this case—to the staff attorneys in Las Vegas.

IT IS FURTHER ORDERED that henceforth, petitioner shall serve upon respondents or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the respondents or counsel for the respondents. The court may disregard any paper received by a district judge or magistrate judge that has not been filed with the clerk, and any paper received by a district judge, magistrate judge, or the clerk that fails to include a certificate of service.

DATED: This 7th day of June, 2016.

_____
ROBERT C. JONES
United States District Judge