UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DASHAUN WRIGHT,
    Petitioner,

v.

RENEE BAKER,
    Respondent.

CIVIL ACTION NO. 16-12518-PBS

ORDER ON PETITIONER'S MOTION FOR INSPECTION OF LOWER COURT (#72)

KELLEY, U.S.M.J.

Petitioner has filed a "Motion for Inspection of Lower Court's Ongoing Suspicious Dealings with Plaintiff's Past and Present Filings." (#72). For the reasons set forth below, the motion is DENIED.

I.    BACKGROUND

In this habeas action under 28 U.S.C. § 2254, Dashaun Wright challenges his 2004 Massachusetts convictions. At present, he is serving his sentence for those convictions at the Ely State Prison in Ely, Nevada.

In his Motion for Inspection, Petitioner claims that Massachusetts and Nevada officials are operating a "scam/scheme operation":

> I'm currently serving my time in Nevada, a transfer I'm certain was due to Massachusetts' Department of Correction and state officials in collusion with some unknown outside entity, illegally obtaining funds of min [sic] before creating a "scam/scheme operation" with the sole purpose of continuing to do business with these funds while unjustly but secretly denying me my independence. Here in Nevada, D.O.C. staff and state officials have adopted the criminal design entirely.
>
> It is my theory that the motive of Massachusetts state officials employment of the "scheme operation" is to force me to proceed pro se where I

would be exploited by the courts, rather than allow me to hire legal representation
that will expose the ineffectiveness that also constitutes as malpractice by trial and
appellate counsel, and prosecutorial misconduct by the courts and prosecution.

Mot. at 1-2.[1]

Wright believes that the disposition of a civil action he filed in Suffolk Superior Court after he had been transferred to Nevada could be evidence of this "scheme." Petitioner represents that his claims in that action concerned the "scheme operation" itself. He states that, after discovery had been stayed for over a year, he filed a motion for a restraining order in which he "incriminate[d] Massachusetts state officials and their Nevada agents." Id. at 3. Shortly thereafter, in December 2017, the case was dismissed.[2] He implies that the dismissal was to prevent exposure of the "scheme."

Petitioner also believes that the docket of the case was sabotaged and that state court showed "deliberate indifference" concerning his "allegation of criminal conduct by state officials." Id. at 4. Further, he alleges that state criminal court sabotaged his attempts to obtain post-conviction relief by failing to docket his second motion for a new trial.

Wright asks this Court "to investigate the lower courts' unethical behavior, because these incidences cannot be coincidental, instead they display a pattern of behavior by the lower courts, which indicates that the lower courts have an obvious agenda." Id. at 4. He is not directly challenging the dismissal of his state civil action: "Now it's not the adverse ruling itself that

---

[1] As necessary, the Court has standardized spelling, punctuation, and capitalization when quoting from the Motion for Inspection.

[2] Petitioner includes with the Motion for Inspection a copy of the docket for Wright v. State of Mass., 1684CV02706 (Suffolk. Superior Ct., Mass.). The docket is dated June 26, 2017. A current docket is available to the public through www.masscourts.org/eservices. This docket indicates that Wright's motion for a restraining order was filed on December 18, 2017 and that, on December 26, 2017, the court granted the defendants' motion for dismissal pursuant to Mass. R. Civ. P. 12(b)(6) and dismissed the case with prejudice.

2

warrants investigation, but rather the motive for, and the timing of the ruling, and the lower court's unwillingness to explore discovery, and whether this willingness is to protect certain state officials possible including court employees to conceal misconduct." Id. at 3.

II. DISCUSSION

Article III of the Constitution limits the judicial power of federal courts to deciding actual "Cases" or "Controversies." U.S. Const. art. III, § 2. "In other words, for a federal court to have authority under the Constitution to settle a dispute, the party before it must seek a remedy for a personal and tangible harm." Hollingsworth v. Perry, 570 U.S. 693, 704 (2013).

Here, the Court lacks jurisdiction to conduct an investigation of state authorities; the matter presented does not meet Article III's jurisdictional requirement of a case or controversy. The role of a federal court is to adjudicate disputes presented to it by the parties whose interests are at stake. It does not have jurisdiction to investigate suspicious conduct to see if a dispute exists. In contrast, a federal grand jury, which is convened by a federal prosecutor, "does not depend on a case or controversy for power to get evidence but can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." United States v. Morton Salt Co., 338 U.S. 632, 642–43 (1950). Moreover, "[t]he federal courts exercise no supervisory powers over the state courts." Siano v. Justices of Mass., 698 F.2d 52, 56 (1st Cir. 1983).

III. CONCLUSION

For the foregoing reasons, Petitioner's Motion for Inspection (#72) is DENIED.

/s/ Page Kelley
M. Page Kelley
United States Magistrate District Judge

May 3, 2018