UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DASHAUN WRIGHT,
    Petitioner,

v.

CIVIL ACTION NO. 16-12518-PBS

RENEE BAKER,
    Respondent.

ORDER ON PETITIONER'S MOTION FOR CORRECTION OF ILLEGAL SENTENCE AND REQUEST FOR IMMEDIATE RELEASE (#54)

KELLEY, U.S.M.J.

Petitioner has filed a "Motion for Correction of Illegal Sentence and Request for Immediate Release." (#54). For the reasons set forth below, the motion is DENIED WITHOUT PREJUDICE.

I.     BACKGROUND

In this habeas action under 28 U.S.C. § 2254, Dashaun Wright challenges his 2004 Massachusetts convictions on three grounds: (1) defense counsel was ineffective because he failed to pursue a third-party culprit defense; (2) the trial court failed to recognize the ineffectiveness of defense counsel and sanction counsel for being ineffective; and (3) the trial court violated his due process rights by failing to correct defense counsel's errors. See Pet. (#5).

On September 15, 2017, Wright filed a "Motion for Correction of Illegal Sentence and Request for Immediate Release" in which he sets forth six "facts" in support of his request:

    1.     He received an unconstitutional trial.

    2.     In Johnson v. United States, 576 U.S. --, 135 S. Ct. 2551 (2015), the United States Supreme Court held that the definition of a "prior violent felony" in the residual clause of the federal Armed Criminal Career Act was

unconstitutionally vague under due process principles. In Welch v. United States, 578 U.S. --, 136 S. Ct. 1257 (2016), the Court held that Johnson announced a new substantive rule that is retroactive in cases on collateral review.

3.  In Beal v. Commonwealth, 474 Mass. 341 (2016), the Supreme Judicial Court adopted the reasoning of Johnson to hold that the residual clause in the Massachusetts Armed Career Criminal Act, M.G.L. ch. 259, § 10G, is unconstitutionally vague.

4.  After he had been found guilty by a jury of assault with intent to murder, the trial court held a bench trial on the state Armed Career Criminal charge. Petitioner's trial counsel "egregiously talked [Petitioner] into waiving a jury trial." Mot. at 2. He was found guilty "without the assistance of a jury," in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). Id.

5.  Because he was "arrested and charged with assault with intent to murder and Arm[ed] Career Criminal charges, [his] probation was violated," resulting in a total sentence of 21 years. Id.

6.  He has been wrongfully incarcerated for 16 years, and "the excessive sentences on the intent to murder and Arm[ed] Career Criminal charges [were] directly influenced by the enhancement charges." Id.

Petitioner concludes by asking this Court to apply Apprendi, Johnson, Welch, and Beal to correct his sentences, order his immediate release, and terminate the remaining sentences.

II. DISCUSSION

The motion is dismissed without prejudice. Insofar as Wright seeks immediate adjudication of his habeas petition he must wait for the Court to issue its final decision in the case. To the extent that he seeks federal habeas relief under Beal, Apprendi, or any other argument not previously raised, Wright must exhaust his state remedies before seeking federal habeas review. See 28 U.S.C. § 2254(b)(1). Further, before this Court could exercise jurisdiction over a second or successive § 2254 concerning Wright's 2004 convictions, he would be required to obtain leave from the United States Court of Appeals for the First Circuit to file the petition. See 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 157 (2007).

2

III.     CONCLUSION

For the foregoing reasons, Petitioner's Motion for Correction of Illegal Sentence and Request for Immediate Release (#54) is DENIED.

/s/ M. Page Kelley
M. Page Kelley
United States Magistrate District Judge

May 16, 2018