UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DASHAUN WRIGHT,
    Petitioner,

v.

CIVIL ACTION NO. 16-12518-PBS

RENEE BAKER,
    Respondent.

REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION FOR A RESTRAINING ORDER (#81)

KELLEY, U.S.M.J.

For the reasons stated below, the undersigned recommends that Petitioner's motion for a restraining order (#81) be DENIED.

I.    BACKGROUND

Petitioner Dashan Wright commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his Massachusetts convictions. At present, he is serving the sentences for those convictions at the Ely State Prison in Ely, Nevada.

On March 30, 2018, Petitioner filed a "Motion for Restraining Order on Caseworker Oxborrow and Co-Workers at Ely State Prison" (#81). He claims that Caseworker Oxborrow and others employed at the Ely State Prison "have systematically cut off all [his] outside communications and have attempted to rig [his] phone calls" so that he is only allowed to call an individual named Emmanuel Smith. Mot. at 1. Petitioner represents that, at one time, he had been friends with Smith when they were both incarcerated in Massachusetts. However, Smith allegedly became an informant, and, even after his release, continues to participate in a purported "scheme operation" by Nevada and Massachusetts authorities to "micromanage and sabotage

*[handwritten: 6/7/18 — I adopt the report and recommendation and deny the order. /s/ Patti B. Saris]*

Petitioner's activities." *Id.* at 2. Petitioner claims "this long distance exploitation will continue to have an adverse and prejudicial effect on [his] pursuit for justice." *Id.* at 2-3. Petitioner further avers that he had "similar communication problems" when he was previously assigned to a unit overseen by Caseworker Oxborrow. *Id.* at 3.

II. <u>DISCUSSION</u>

The undersigned recommends denial of the motion on the ground of lack of personal jurisdiction over Caseworker Oxborrow and the other employees of Ely State Prison.

Personal jurisdiction refers to a court's "power to require the parties to obey its [orders]." *Hannon v. Beard*, 524 F.3d 275, 279 (1st Cir. 2008) (quoting *Daynard v. Ness, Motley, Lodaholt, Richardson, & Poole, P.A.*, 290 F.3d 42, 50 (1st Cir. 2002)). The due process clause of the United States Constitution "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 319 (1945)). Therefore, a court is precluded from asserting personal jurisdiction over a defendant unless "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Here, there are no allegations from which the Court may reasonably infer that Caseworker Oxborrow, or any other person employed at the Ely State Prison, has had meaningful contacts with Massachusetts, such that he or she would anticipate being haled into court in this District to respond to allegations concerning conditions of confinement in a Nevada prison. Petitioner's allegations concerning a "scheme operation" between Massachusetts and Nevada authorities are conclusory and vague, and therefore cannot be credited when addressing

the question of personal jurisdiction. In the absence of personal jurisdiction over those whom Petitioner seeks to enjoin, the Court cannot provide the requested relief.

Further, this habeas action concerns the validity of Petitioner's conviction and sentence. In contrast, the present motion concerns prison conditions. A proceeding for a writ of habeas corpus is not a vehicle for challenging conditions of confinement. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [42 U.S.C.] § 1983 action.") (citation omitted)).

III. CONCLUSION

For the foregoing reasons, I RECOMMEND that Petitioner's Motion for Restraining Order on Caseworker Oxborrow and Co-Workers at Ely State Prison (#81) be DENIED.

IV. REVIEW BY DISTRICT JUDGE

The parties are hereby advised that any party who objects to this recommendation must file specific written objections with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The objections must specifically identify the portion of the recommendation to which objections are made and state the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park*

*Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ M. Page Kelley
M. Page Kelley
United States Magistrate District Judge

May 11, 2018